DISTRICT OF OREGON
**FILED**
March 17, 2026
Clerk, U.S. Bankruptcy Court

Below is a judgment of the court. If the judgment is for money, the applicable judgment interest rate is: not applicable. The court enters this judgment under FRCP 54(b). Because this judgment is stipulated and fully resolves the action as to the signatory defendants, there is no just reason for delay in entry of judgment as to those defendants.

David W. Hercher
DAVID W. HERCHER
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| In re<br><br>Sharon Boughton,<br><br>Debtor(s). | Case No. 23-61248-kfe13<br><br>STIPULATED JUDGMENT |
| United States Trustee,<br><br>Plaintiff,<br><br>v.<br><br>Recovery Law Group, APC, a Nevada Corporation,<br><br>Nicholas Wajda,<br><br>Jessica Molligan,<br><br>Grover Peters III,<br><br>Defendants. | Adversary No. 25-06025-dwh |

Defendants Recovery Law Group, APC, a Nevada Corporation (“Recovery Law Group”), Nicholas Wajda (“Wajda”), and Grover Peters III (“Peters”) have reached a stipulated resolution of this adversary proceeding with Plaintiff, Jonas V. Anderson, Acting United States Trustee for Region 18 (the “U.S. Trustee”). The facts and relief below are stipulated:

**Stipulated Facts**

a) Recovery Law Group and Sharon Boughton, debtor in the lead bankruptcy case (“Debtor”), signed a chapter 7 retainer agreement on February 4, 2022. Before signing that agreement, Debtor did not receive a consultation from an attorney admitted to practice law in the District of Oregon or the State of Oregon.

b) Recovery Law Group had a pattern and/or practice of having initial consultations in Oregon performed by attorneys who are not admitted to practice in Oregon. Recovery Law Group asserts that it has changed this practice; but that the new procedure has not always been in place in Oregon.

c) Debtor, who is currently approximately 73 years old, sought bankruptcy relief due to large unsecured debt incurred sending money to an individual who was defrauding her.

d) Recovery Law Group has reason to believe that Debtor has memory issues.

e) Debtor paid Recovery Law Group’s fee over a year, then began providing documents to Recovery Law Group in early 2023 to aid in preparing necessary bankruptcy documents. Debtor began being garnished in June of 2023, leading Recovery Law Group to assign Jessica Molligan as the attorney to file the bankruptcy case.

f) Debtor’s chapter 7 bankruptcy was filed on July 19, 2023 by attorney of record Jessica Molligan. The value of Debtor’s residence located at 19 Kingfisher Ct., Eagle Pt., OR 97524 (the “Residence”), as stated in the schedules prepared by Recovery Law Group, was

$130,000. The debt secured by that Residence was listed as $129,557, and the Debtor claimed an exemption of $40,000.

g) The chapter 7 trustee, Candace Amborn ("Trustee Amborn") ultimately valued the house at $250,000-$265,000 and informed Recovery Law Group that she would be moving to sell the Residence.

h) Debtor had a chapter 13 consultation with Nicholas Wajda on July 9, 2024. Wajda is not admitted to practice law in the District or State of Oregon. Wajda advised Debtor to convert her bankruptcy case to chapter 13 to prevent sale of the Residence by Trustee Amborn. Debtor signed a chapter 13 retainer agreement with Recovery Law Group after that consultation.

i) Recovery Law Group's attorney of record in the Debtor's case, Jessica Molligan, refused to represent Debtor in connection with a chapter 13 conversion on behalf of Recovery Law Group after she terminated her relationship with Recovery Law Group. In November 2024, the court permitted Jessica Molligan to withdraw as counsel for Debtor.

j) New counsel for Recovery Law Group, Grover Peters, filed a motion to convert the case to chapter 13. After conversion, Peters failed to file documents, including conversion schedules and a plan, in the 14 days required by the conversion order. An additional order was entered stating that the case would be re-converted to chapter 7 if those required documents were not filed within 21 days. Peters failed to file the required documents within the additional 21-day period, and the case was re-converted to chapter 7 on January 3, 2025.

k) Upon re-conversion to chapter 7, Trustee Amborn renewed her formal attempts to sell the Residence.

l) Peters filed a motion to reconsider the conversion order, which the court denied. Peters filed another motion to convert, which was granted on February 19, 2025 and the case was

converted back to chapter 13. The court struck various filings that were improperly filed before the conversion order was entered.

m) The plan documents, amended schedules, and motions filed by Peters were drafted by non-attorney Recovery Law Group staff. Peters indicated at a hearing that he was “appearance counsel” for Recovery Law Group, when he was in fact a partner of Recovery Law Group and counsel of record in the bankruptcy case. Peters stated multiple times that the case never should have been filed as a chapter 7.

n) The plans which were filed were not competently prepared and required multiple amendments and objections by the chapter 13 trustee.

o) Debtor’s chapter 13 plan was ultimately confirmed on November 19, 2025.

**DEFINITIONS**

As used in this Stipulated Judgment, “Unfiled Clients in Oregon” means individuals that:

1. Have signed a retainer agreement with Recovery Law Group or have otherwise agreed to pay Recovery Law Group money in exchange for bankruptcy services;
2. Are located in the District of Oregon or whose proper venue for a bankruptcy case filing would be the District of Oregon; AND
3. As of 4:57 p.m. on Friday, March 13, 2026, had not yet filed for bankruptcy pursuant to a retainer agreement with Recovery Law Group.

As of Friday, March 13, 2026 at 9:56 a.m., Recovery Law Group has represented that there are approximately 82 Unfiled Clients in Oregon.

In this stipulation, “Filed Clients in Oregon” means debtors in bankruptcy cases already filed in Oregon as of 4:57 p.m. on Friday, March 13, 2026.

**IT IS HEREBY ORDERED AND ADJUDGED**:

1. Recovery Law Group, Peters, and Wajda are enjoined from filing bankruptcy cases in the District of Oregon for 18 months from the date of this Stipulated Judgment.

2. Recovery Law Group must immediately cease advertisements directed at persons seeking bankruptcy advice in the District of Oregon and shall not begin such advertisements again for 18 months following the date of this Stipulated Judgment.
3. Wajda is enjoined from providing “bankruptcy assistance,” as defined in 11 U.S.C. § 101(4)(A) to persons for whom venue for a bankruptcy case would be the District of Oregon for 18 months from the date of this Stipulated Judgment, and thereafter he shall only do so as permitted by law.
4. As of the date of entry of this Judgment, Recovery Law Group must immediately cease collection of fees from Unfiled Clients in Oregon.
5. Within 7 calendar days of the entry of this Judgment, Recovery Law Group must file on the docket in this adversary proceeding a chart identifying all Unfiled Clients in Oregon, identified by initials, and the amount of money each of those clients has paid to Recovery Law Group to date. Recovery Law Group must provide a copy of that same chart to the U.S. Trustee with full names of those clients, subject to any procedure necessary to satisfy ethical obligations.
6. Within 30 days of the entry of this Judgment, Recovery Law Group must advise Unfiled Clients in Oregon that it is no longer practicing in the District of Oregon and must return to those Unfiled Clients all fees paid to Recovery Law Group by or on behalf of those Unfiled Clients in Oregon.
7. Within 30 days of entry of this Judgment, Recovery Law Group must provide all refunded clients with their files and any work that Recovery Law Group has prepared for them, or transfer those files to a new attorney of client’s choosing.
8. To the extent it has not done so, Recovery Law Group must refund all fees to Debtor.

9. Recovery Law Group and/or Peters must immediately assist Debtor in finding replacement counsel and fund any required retainer to that replacement counsel.

10. Recovery Law Group may remain as counsel for all Filed Clients in Oregon currently in chapter 7 cases.

11. Within 60 days of entry of this Judgment, for Filed Clients in Oregon currently in chapter 13 cases, with the exception of Debtor, Recovery Law Group must transfer those clients to a new firm.

12. Within 70 days of entry of this Judgment, Recovery Law Group must file a sworn statement on the docket in this adversary proceeding attaching:

    a. A chart of the same individuals described in ¶ 5 above indicating whether those clients have been paid in full and provided with their files, as required in ¶ 6 and ¶ 7 above.
    b. A chart showing compliance with ¶ 11 above, including who those clients were transferred to.
    c. A statement explaining, with specificity as to each affected client, why any action required by this judgment has not yet been completed.

13. Nothing in this Judgment shall be construed as limiting the ability of the U.S. Trustee to bring any appropriate action in connection with the separate cases of Filed Clients in Oregon.

14. Nothing in this Judgment has any effect on the rights of the following individuals and entities: the clients of Recovery Law Group; the clients of Peters; bankruptcy trustees; any creditor; any other party in interest.

15. Nothing in this Judgment excuses Recovery Law Group from complying with all applicable ethical obligations.

###

I hereby certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

It is so stipulated:

JONAS V. ANDERSON
Acting United States Trustee for Region 18

/s/ Christian A. Torimino
Christian A. Torimino, WSBA #52927
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
1220 SW 3rd Ave., Rm. 315
Portland, OR 97204
Tel: (202) 306-4948
Email: christian.torimino@usdoj.gov

________________________________
Grover Peters III, in an Individual Capacity
OSB# 202753

________________________________
Nicholas Wajda, as Representative
Recovery Law Group, APC, A Nevada Corporation

________________________________
Nicholas Wajda, in an Individual Capacity

Copies to:

Sharon Boughton
19 Kingfisher Ct.
Eagle Point, OR 97524

It is so stipulated:

JONAS V. ANDERSON
Acting United States Trustee for Region 18

/s/ Christian A. Torimino
Christian A. Torimino, WSBA #52927
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
1220 SW 3rd Ave., Rm. 315
Portland, OR 97204
Tel: (202) 306-4948
Email: christian.torimino@usdoj.gov

Grover Peters III, in an Individual Capacity
OSB# 202753

Nicholas Wajda, as Representative
Recovery Law Group, APC, A Nevada Corporation

Nicholas Wajda, in an Individual Capacity

Copies to:

Sharon Boughton
19 Kingfisher Ct.
Eagle Point, OR 97524